**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert Alvarez**, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Shivshakti Hospitality, Inc.**, an Arizona Corporation; **Shivshakti, Inc.**, an Arizona Corporation; **Jiger Banker and Jane Doe Banker**, a married couple; and **Paresh Lukka and Jane Doe Lukka**, a married couple; | |
| Defendant. | |

Plaintiff, Robert Alvarez ("Plaintiff"), sues the Defendants, Shivshakti Hospitality, Inc.; Shivshakti, Inc.; Jiger Banker and Jane Doe Banker; and Paresh Lukka and Jane Doe Lukka (collectively "Defendants"); and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, unpaid overtime wages; liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § Title 23, Chapter 8.

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Shivshakti Hospitality, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Shivshakti Hospitality, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

8. At all relevant times, Defendant Shivshakti Hospitality, Inc. owned and operated as a "Days Inn & Suites" hotel located at 1440 South Craycroft Road, Tucson, Arizona 85711.

9. At all relevant times, Defendant Shivshakti Hospitality, Inc. owned and operated under the trade name "Days Inn & Suites."

10. Under the FLSA, Defendant Shivshakti Hospitality, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Shivshakti Hospitality, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Shivshakti Hospitality, Inc. in relation to the company's employees, Defendant Shivshakti Hospitality, Inc. is subject to liability under the FLSA.

11. At all material times, Defendant Shivshakti, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Shivshakti, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

12. At all relevant times, Defendant Shivshakti, Inc. owned and operated as a "Days Inn & Suites" hotel located at 1440 South Craycroft Road, Tucson, Arizona 85711.

13. At all relevant times, Defendant Shivshakti, Inc. owned and operated under the trade name "Days Inn & Suites."

14. Under the FLSA, Defendant Shivshakti, Inc. is an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Shivshakti, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Shivshakti, Inc. in relation to the company's employees, Defendant Shivshakti Hospitality, Inc. is subject to liability under the FLSA.

15. Under the FLSA, Defendants Jiger Banker and Jane Doe Banker are employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Jiger Banker and Jane Doe Banker had the authority to hire

and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Shivshakti Hospitality, Inc. in relation to the company's employees, Defendants Jiger Banker and Jane Doe Banker and subject to individual liability under the FLSA.

16. Under the FLSA, Defendants Paresh Lukka and Jane Doe Lukka are employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Paresh Lukka and Jane Doe Lukka had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Shivshakti Hospitality, Inc. in relation to the company's employees, Defendants Paresh Lukka and Jane Doe Lukka and subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

31. Defendants own and/or operates as a Days Inn & Suites franchise, an enterprise located in Pima County, Arizona.

32. Plaintiff was hired by Defendants as a customer service representative and on-site after-hours maintenance personnel and worked for Defendants between approximately November 1, 2018 and January 31, 2019, when Defendants terminated Plaintiff's employment.

33. Plaintiff performed manual, unskilled labor for Defendants, all of which was related to building and premises maintenance. Such work included, but was not limited to, maintenance work, cleaning the premises and parking lot, landscaping, security, mopping floors, and housekeeping.

34. Defendants, in their sole discretion, agreed to pay Plaintiff $200 per week, regardless of the number of hours he worked in a given workweek, less the cost of lodging at the hotel's premises, which was deducted directly from Plaintiff's paycheck.

35. In his work for Defendants, and throughout his entire employment with Defendants, Plaintiff was not compensated $455 per week on a salary basis.

36. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever.

37. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay.

38. In his work for the Defendants, Plaintiff was not a manager.

39. In his work for the Defendants, Plaintiff did not possess the authority to hire or fire employees.

40. In his work for the Defendants, Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants'. employees.

41. In his work for the Defendants, Plaintiff did not direct the work of two or more employees.

42. In his work for the Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

43. In his work for the Defendants, Plaintiff did not perform office or non-manual work for Defendants.

44. In his work for the Defendants, Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

45. In his work for the Defendants, Plaintiff was not customarily and regularly engaged away from the Defendants' place or places of business in performing his primary duties.

46. In his work for the Defendants, Plaintiff was not a commissioned sales employee half of whose total earnings consisted of commissions.

47. In his work for the Defendants, at no point during any workweek during which Plaintiff worked did more than half of his total earnings consist of commissions.

48. From the commencement of Plaintiff's employment through his termination, Plaintiff was compensated at a rate of approximately $200 weekly less the cost of lodging at the hotel's premises, which was deducted directly from Plaintiff's paycheck.

49. From the commencement of Plaintiff employment in November 2018 through the termination of his employment, he was a non-exempt employee.

50. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

51. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

52. Specifically, during his employment, Plaintiff routinely worked in excess of 40 hours per week and was not paid the premium one-and-one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

53. In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked between approximately five (5) and twenty (20) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

54. Plaintiff worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

55. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

56. Throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff at least minimum wage for all hours worked.

57. Specifically, during his employment, Plaintiff routinely worked in excess of 40 hours per week and was only compensated $200.00 for the week, less the cost of lodging at the hotel's premises, which was deducted directly from Plaintiff's paycheck, which was less than the applicable minimum wage.

58. In a given workweek, and in each and every workweek, Plaintiff worked in excess of 40 hours per week and was only compensated $200.00 for the week, less the cost of lodging at the hotel's premises, which was deducted directly from Plaintiff's paycheck.

59. In addition, Defendants paid Plaintiff no wages whatsoever for the final pay period of his employment.

60. During this time, Plaintiff worked approximately 60 hours in a given workweek for Defendants without receiving any wage whatsoever from Defendants.

61. As a result of not having paid the applicable minimum wage to Plaintiff throughout the duration of his employment, Defendants have failed to pay the applicable minimum wage to Plaintiff.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

62. As a result of not having paid any wage whatsoever to Plaintiff during his final pay period with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

63. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

64. As a result of not having paid any wage whatsoever to Plaintiff during his final pay period with Defendants, Defendants failed to pay the applicable overtime wage to Plaintiff for time he worked in excess of 40 hours in a given workweek.

65. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated 29 U.S.C. § 207(a).

66. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated the AMWA, A.R.S. § 23-363.

67. Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

68. Defendant has and continues to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

69. Plaintiff is a covered employee within the meaning of the FLSA.

70. Plaintiff is a covered employee within the meaning of the AMWA.

71. Plaintiff was a non-exempt employee.

72. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

73. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

74. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

75. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

78. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

79. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

80. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

81. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

82. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

83. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

84. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Robert Alvarez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

  i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

  ii.  Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his final pay period with Defendants.

87. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

88. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Alvarez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

G. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

H. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

I. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

J. For the Court to award prejudgment and post-judgment interest;

K. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

L. Such other relief as this Court shall deem just and proper.

# COUNT THREE: ARIZONA MINIMUM WAGE ACT
# FAILURE TO PAY MINIMUM WAGE

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his final pay period with Defendants.

91. Defendant's practice of willfully failing or refusing to pay Plaintiff at the applicable minimum wage rate violates A.R.S. § 23-363.

92. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Alvarez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:
  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;
  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th Day of February, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*